CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2020

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM L., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 7:19-CV-422 |
| | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation ("R&R") on August 17, 2020, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff William L. ("William") has filed objections to the R&R and this matter is now ripe for the court's consideration.

## I. Background

William filed an application for supplemental security income on April 27, 2015. He alleged disability beginning on December 2, 2008, later amended to April 27, 2015. William was 23 years old at the alleged onset date. He claims disability based on lumbago, attention deficit hyperactive disorder (ADHD), generalized anxiety disorder, major depressive disorder, obsessive compulsive disorder (OCD), and a learning disability, all of which were found to be

severe by the administrative law judge (ALJ). William had no past relevant work, but the ALJ found that he had the residual functional capacity (RFC) to do medium work with the additional limitations of performing postural activities frequently. In addition, he was limited to understanding, remembering and carrying out simple instructions and performing simple tasks and was expected to be off task less than 10 percent of the workday. He could have occasional interaction with others. R. 15. The ALJ concluded that there was work in the economy that William could perform and he therefore was not disabled. The Appeals Council denied William's request for review, making the ALJ decision the final decision of the Commissioner.

This lawsuit followed. The magistrate judge found that the ALJ determination was supported by substantial evidence and William has objected to several of the magistrate judge's findings.

## II. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report

3

be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

### III. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence

4

supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## IV. Plaintiff's Objections[2]

William makes the following objections to the magistrate judge's R&R: (1) The magistrate judge erred when he concluded that substantial evidence supported the ALJ's RFC determination for William; and (2) The magistrate judge erred when he found that the ALJ correctly assessed William's subjective allegations of impairment.

---

[2] Detailed facts about William's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 24) and in the administrative transcript (ECF No. 9) and will not be repeated here.

## A. Residual Functional Capacity Assessment

The ALJ found that William had the RFC to do medium work with additional postural limitations and also limited him to work involving understanding, remembering, and carrying out simple instructions and performing simple tasks. In addition, he was limited to jobs where he could be off task less than 10 percent of the workday and where he could have only occasional interaction with other people. The magistrate judge found that the ALJ adequately explained why the RFC restrictions properly accommodated William's mental limitations.

William objects that the magistrate judge erred in concluding that the ALJ adequately explained why the restrictions accommodated William's mental limitations. He argues that in accordance with SSR 96-8p, 1996 WL 374184 (SSA 1996), the ALJ should have done a more detailed analysis of William's mental impairments. He also argues that the ALJ failed to provide any explanation of how he arrived at his determination the William would only be off task up to 10 percent of the workday.

The RFC assessment is discussed in SSR 96-8p, which provides that when determining whether a claimant has a severe mental impairment at Step 2 of the sequential evaluation, or meets a listing for a mental impairment at Step 3 of the sequential evaluation, the adjudicator assesses an individual's limitations and restrictions from a mental impairment in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. However, the limitations identified in the listing criteria are not an RFC assessment, and the mental RFC assessment used at Steps 4 and 5 of the sequential evaluation process requires a more detailed assessment "by itemizing various functions contained in the broad

6

categories found in paragraphs B and C of the adult mental disorders listings." SSR 96-8p, 1996 WL 374184 at *4.

The adjudicator should consider the claimant's medical history, medical signs and laboratory findings, the effects of treatment, reported daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured environment, and work evaluations, if available. Id. at *5. The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence. Id. at 7.

In William's case, at Step 4 of the sequential evaluation the ALJ considered William's hearing testimony that he attended special education classes throughout school and received a modified diploma. He also discussed William's testimony that he has difficulty focusing on a movie plot, but has no problems reading and can write, albeit with poor handwriting. The ALJ also discussed William's testimony that he has anxiety and sometimes does not want to go out in public but lives with his girlfriend and plays a card-collecting game with friends for five hours once a week. R. 16.

The ALJ summarized the evidence of William's mental health treatment, including his visits with his psychiatrist and his counselors, and the medications he has been prescribed. R. 17-19. The ALJ further discussed the opinion evidence in the record, including the evidence from the state agency physicians and psychologists, and the opinions of William's treating psychiatrist. R. 19-20.

7

The ALJ found that although William alleged symptoms of poor memory, concentration, and social functioning, notes from his treating health practitioners usually showed that William's mental status "was normal at appointments except for routine findings, such as depressed mood and affect, which would not be expected to cause significant functional limitation." R. 21. In addition, the ALJ noted William generally had normal insight, judgment, concentration, memory, mood, and affect. He consistently had normal concentration and attention span at appointments. Id.

The ALJ also commented that William had not been entirely compliant in following prescribed treatment, which suggested his symptoms might not have been as limiting as he alleged. He also often reported that he was not taking his psychiatric medications. Id.

In addition, despite William's allegations of disabling social anxiety, difficulty being around others, and inability to focus, during the pendency of his claim he had reported working part-time at various odd jobs, having at least two different girlfriends, playing cards at the library with friends, and otherwise going out with friends. The ALJ found that his activities were not as limited as one would expect, given his allegations. Finally, on at least two occasions, William had told health care providers that he did not want to "do too much" because he had a disability claim pending, suggesting he may have been intentionally limiting his work activity or other activity to appear more limited than he is. R. 21, 814, 1031.

The ALJ concluded that the RFC assessment that limited William to simple work and acknowledged he would be off task up to 10 percent of the day accounted for any distraction that he might have due to ADHD or symptoms from his other mental impairments. To

8

account for his social anxiety, he was limited to work involving only occasional interaction with others. R. 21-22.

The court finds that the ALJ provided the detailed assessment at Step 4 of the RFC that is called for in SSR 96-8p. He set described the symptoms about which William testified and the medical and other evidence in the record. He then explained why the evidence was not fully consistent with William's allegations, in accordance with 20 C.F.R. §§ 416.927 and 416.929 and SSR 16-3p, 2017 WL 5180304 (SSA 2017), which discuss how an adjudicator evaluates the medical and other evidence in the record and whether the evidence is consistent with a claimant's allegations about his symptoms.

Regarding William's argument that the ALJ did not provide any explanation about how he arrived at the determination that William would only be off task 10 percent of the day, the ALJ acknowledged that William testified that he had trouble concentrating and remembering, R. 50-51, 53, 58. However, the ALJ noted evidence that showed William's mental health care providers usually reported that his memory, attention span, and concentration were described as "ok." R. 17, 607, 668, 672, 1039. The ALJ gave great weight to the opinion of William's treating psychiatrist, who found that William had a moderate limitation in his ability to understand, remember, and carry out instructions, maintain attention, make decisions, deal with work stress, and stay on task. R. 20, 678-679. A "moderate" limitation is defined as "more than a slight limitation . . . but the individual is still able to function satisfactorily." R. 677. With those limitations in mind, the ALJ limited William to simple work and being off task up to 10 percent of his workday.

9

The court finds that this explanation is adequate. Although the ALJ did not explain why he found that William would be off-task for 10 percent of the workday as opposed to a greater or lesser percentage of the workday, he did explain why he found that the objective evidence did not fully support William's allegations that he is unable to work because he cannot focus or concentrate. The ALJ's reasons for discounting William's testimony are clearly articulated and apparent to subsequent reviewers. See SSR 16-3p, 2017 WL 5180304 at *10. For these reasons, William's objection that the magistrate judge erred when he found that substantial evidence supported the RFC determination is **OVERRULED**.

William also argues that the magistrate judge erred in finding that his arguments amounted to nothing more than disagreements with the ALJ's assessment and are a request to re-weigh the evidence. He asserts that he "outlined evidence the ALJ failed to properly consider and also outlined why the ALJ's decision to give [the treating psychiatrist's] opinion regarding absences little weight was not supported by substantial evidence[,]" but does not further elaborate. Pl's. Objs., ECF No. 25 at 2. In short, William is rehashing arguments raised before the magistrate judge which does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Veney, 539 F.Supp. 2d at 844-45. Accordingly, this objection is **OVERRULED**.

Similarly, William asserts that the magistrate judge erred in concluding that William did not describe any treatment records, medical evidence, or subjective complaints the ALJ failed to consider although he "outlined evidence in his brief the ALJ failed to properly consider in evaluating [the treating psychiatrist's] opinion." Pl's. Objs., ECF No. 25 at 2. Because William

did not describe the evidence he claims the ALJ failed to consider, and because this argument rehashes his earlier argument in front of the magistrate judge, it is **OVERRULED**.

### B. Subjective Allegations of Impairment

William argues that the magistrate judge erred in concluding that substantial evidence supports the ALJ's determinations regarding William' subjective allegations of impairment. In particular, he argues that the magistrate judge failed to acknowledge that the ALJ committed the same error the ALJ committed in Brown v. Comm'r, 873 F.3d 251 (4th Cir. 2017).

In Brown, the Fourth Circuit remanded a case in part because the ALJ listed a claimant's daily activities of cooking, driving, doing laundry, collecting coins, attending church, and shopping in support of the finding that the claimant was not disabled, but did not acknowledge the limited extent of the activities or explain how the activities showed he could sustain a full-time job. See also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)) (observing that it is not enough for an ALJ to state in a conclusory manner that a claimant's testimony regarding limitations placed on his daily activities was unsupported by the medical evidence; rather, an ALJ must articulate "some legitimate reason for his decision" and "build an accurate and logical bridge from the evidence to his conclusion.").

William's case is distinguishable from Brown because the ALJ explained why William's activities were inconsistent with his allegations of a disabling mental impairment. The ALJ cited to evidence that William reported working part-time at various jobs, having at least two girlfriends since the alleged onset date, playing cards with friends, and otherwise socializing with friends, and explained that "it seems that [William] generally was able to go out and have a social life or work when he wanted to." R. 21. Nevertheless, the ALJ considered the

testimony and based his finding that William was limited to only occasional interaction with others on the testimony. R. 21-22.

Additionally, in Brown, the Fourth Circuit did not remand the case solely because the ALJ did not explain how Brown's limited activities indicated that he could work an eight-hour workday. Rather, the court found that the ALJ misstated the record regarding the claimant's physical activities and the amount of pain he reported; misstated the effect of injections on the claimant's pain; misstated the claimant's testimony at the ALJ hearing; relied on his own observations and medical judgments in assessing the claimant's pain; and significantly, rejected the consistent opinions of the claimant's treating and examining sources in favor of the opinion of the non-examining state-agency physician. Brown, 873 F.3d at 263-266.

In William's case, the ALJ reasoned that he did not discount all of William's allegations of mental impairment, but limited him to only simple work and being off task up to 10 percent of the day to account for any distraction he might have due to ADHD or symptoms from his other mental impairments. Also, although William did not report any significant issues related to cognitive functioning since the alleged onset date, he had a history of special education and a learning disability, so the ALJ limited him to only simple work. The ALJ found that his generally normal mental status and array of activities did not support greater limitations. The ALJ further limited him to only occasional interaction with others due to social anxiety, reflecting that his occasional interaction with friends, girlfriends, and people he would have worked around at his odd jobs suggested he had occasional interaction with others. Furthermore, William consistently interacted normally with treating practitioners. R. 21-22.

The court finds that with this explanation, the ALJ "built the logical bridge" from his

recitation of William's testimony about his activities to limiting him to only occasional interaction with others because of his social anxiety and to simple work based on his history of receiving special education services. William's objection that the magistrate judge erred in finding the assessment supported by substantial evidence is **OVERRULED**.

William also contends that the magistrate judge ignored his argument that the ALJ referred to plaintiff's depressed mood and affect as "routine findings," which he asserts was clearly an error. Review of the ALJ determination shows that when the ALJ assessed William's complaints of poor memory, concentration, and social functioning for consistency with the other evidence in the record, he found that William's mental status examinations were normal at appointments, "except for routine findings, such as depressed mood and affect, which would not be expected to cause significant functional limitation." The ALJ added that even when William's practitioners noted that his mood was depressed, they typically recorded that he had normal concentration and attention span at appointments. R. 21. The magistrate judge found, correctly, that the ALJ repeatedly referred to William's mental status findings as "normal," except for his depressed mood. ECF No. 24 at 14.

The court finds that the ALJ assessed William's subjective complaints of depression in accordance with the regulations and SSR 16-8p, which require him to examine whether the other evidence in the record is consistent with William's allegations. The ALJ found that William suffers from depression which is a severe impairment, but the evidence from his mental health treatment providers was inconsistent with William's allegations that his depression renders him unable to work. William's objection to the magistrate judge's finding that the ALJ failed to properly address his subjective allegations is **OVERRULED**.

Finally, William argues that the magistrate judge dismissed his arguments regarding the ALJ's failure to explain how he determined that William could complete an eight-hour workday by referring to his earlier findings that the ALJ's RFC findings were supported by substantial evidence. Because the court also finds that the RFC findings were supported by substantial evidence, this objection is **OVERRULED**.

**V. Conclusion**

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 09/23/2020

Michael F. Urbanski
Chief United States District Judge

14